## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

PETER J. KNOP, II.,
individually and derivatively on behalf of
AVENIR CORPORATION

Plaintiff,

v.

CHARLES G. MACKALL, JR., et al.,

Defendants.

Civil Action 09-00279  (HHK)

## MEMORANDUM OPINION

Peter J. Knop brings this action in his individual capacity and derivatively as a shareholder of Avenir Corporation ("Avenir") against Avenir and individual defendants Charles G. Mackall ("Mackall"), Peter C. Keefe ("Keefe"), and James H. Rooney ("Rooney").  Knop's derivative claims allege that the individual defendants breached their fiduciary duties of loyalty and care to Avenir by converting millions of dollars of Avenir's assets for personal gain and failing to fulfil their obligations to provide accurate accounting statements.  Knop also alleges that the individual defendants committed fraud and participated in a conspiracy to defraud.

Before the court is Knop's motion to remand this case to the D.C. Superior Court [#4] where it was filed and his request for an award of attorney's fees and costs.  Upon consideration of the motion, the opposition thereto, and the record of this case, the court concludes that the motion must be GRANTED.

## I. BACKGROUND

Knop is a shareholder and director of Avenir,[1] a business incorporated in 1980 under the laws of the Commonwealth of Virginia.  Avenir maintains its principal place of business in the District of Columbia.  Individual defendants Mackall, Keefe, and Rooney are also shareholders and directors of Avenir.  As directors, they hold the positions of Chairman, President, and Managing Director respectively.  Avenir is a closely-held corporation; Knop along with the individual defendants are its only four shareholders and directors.

In 2005, the individual defendants proposed that the Avenir Board of Directors adopt an incentive stock plan for the current managers of the firm.  The terms of the incentive plan included an increase in additional shares "based on one half of the percentage increase in income."  (Compl. ¶ 16.)  All shareholders were to receive an increase in shares, "but those in active management would be rewarded with higher compensation and ownership for their efforts."  (Compl. ¶ 16.)  The Board of Directors formally adopted this incentive plan by unanimous written consent without a meeting in minutes dated January 18, 2005.  The incentive plan took effect at the start of the fiscal year ("FY") beginning February 1, 2005, and ending January 31, 2006.

Knop alleges that the individual defendants, beginning in FY 2005, and continuing through FY 2007, began to "pay themselves in the form of salaries, bonuses and/or contributions for their benefit to pension plans maintained by Avenir, all available profits of Avenir" secretly.

---

[1]  According to Knop, he was active in the management of the corporation until 2000, when defendants Mackall, Keefe, and Rooney assumed full management duties.  Defendants, however, contend that Knop ceased active participation in Avenir's operations in the mid-1980s. The court need not resolve this dispute because it is clear from the record that defendants had complete control of Avenir by the time of the events giving raise to this action.

(Compl. ¶ 21.)  In addition, Knop alleges that the individual defendants began liquidating Avenir assets to pay their own salaries and bonuses.  According to Knop, the effect of these actions was to render Avenir "unprofitable."  (Compl. ¶ 25.)  Knop further alleges that defendants made no mention of these payments to him.

Knop commenced this action in the D.C. Superior Court, and defendants removed it to this Court pursuant to 28 U.S.C. § 1441(a), contending that this Court has diversity jurisdiction under 28 U.S.C. § 1332(a)(1).

## II.  ANALYSIS

Under 28 U.S.C. § 1441(b), actions not arising under the Constitution, treaties or laws of the United States are only removable if "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b). This principle applies to the instant action, as Knop's claims are, as are most shareholder derivative actions, governed largely by state law.  *Smith v. Sperling*, 354 U.S. 91, 95 (1957) (citing *Cohen v. Beneficial Indus. Loan*, 337 U.S. 541, 555-56 (1949)).  Consequently, the crux of the issue raised by this motion is whether Avenir is an indispensable party under Rule 19(a).[2] If Avenir is an indispensable party, rather than a mere "nominal" party, the Court must consider Avenir's District of Columbia citizenship in determining whether it has diversity jurisdiction.

Under the rule governing indispensable parties:

A person who is subject to service of process and whose joinder will not deprive

---

[2]  No party argues that Avenir is not a real party in interest under Fed. R. Civ. P. 17(a). Defendants contend that Rule 17(a) does not govern statutory standards for diversity jurisdiction, citing *Navarro v. Sav. Ass'n v. Lee,* 446 U.S. 458, 463 (1980), and *Lincoln Prop. Co. v. Roche,* 546 U.S. 81, 93 (2005) to distinguish a real party in interest from a real party to the controversy. Implicit in this argument is the assumption that Avenir is a Rule 17(a) real party in interest.

the court of subject-matter jurisdiction must be joined if. . . that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may; . . . leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. Rule 19(a). Thus, for Avenir to be an indispensable party to this action, its interest in the "subject of the action" must be essential to the Court's ability to "enter a final judgment consistent with equity and good conscience." *Stoneybrook Tenants Ass'n. v. Alpert*, 194 F. Supp. 552, 559 (D. Conn. 1961). Conversely, courts generally find that a defendant is nominal "if there is no reasonable basis for predicting that it will be held liable." *Shaw v. Dow Brands Inc.*, 994 F.2d 364, 369 (7th Cir. 1993). For a defendant to be nominal, a court must find that it is neither necessary nor indispensable. *Tri-Cities Newspapers Inc. v. Tri-Cities Printing*, 427 F.2d 325, 327 (5th Cir. 1970).

Defendants bear the burden of proving that removal is proper; if defendants do not meet their burden, the Court must remand. *Johnson-Brown v. M. St. LLC*, 257 F. Supp. 2d 175,177 (D.D.C. 2003) (citing *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999)). Where the need for remand is not self-evident, the Court must resolve any ambiguities concerning the propriety of the removal in favor of remand. *Id.* Furthermore, where non-removability is obvious or contrary to well-settled law, courts regularly award costs and expenses incurred as a result of the removal. *Johnson-Brown*, 257 F. Supp. 2d at 181 (citing *Garcir v. Amfels, Inc.*, 254 F.3d 585, 588 (5th Cir. 2001)).

## A.    Avenir Corporation Is An Indispensable Party To This Case

Knop contends that, in a shareholder derivative suit, the corporation is an inherently indispensable party in interest. Defendants counter that a party like Avenir, joined only to satisfy

4

equity pleading requirements and against whom the plaintiff seeks no damages, is a nominal party and therefore is dispensable from the diversity inquiry.

The Supreme Court has held that the corporation in a shareholder derivative action is an indispensable party. *See Koster v. (Am.) Lumbermans Mut. Cas. Co.*, 330 U.S. 518, 523 n.2 (1947) (stating "the corporation is an indispensable party" (citing *City of Davenport v. Dows*, 18 Wall. 626, 21 L. Ed. 938 (1873))). After all, the cause of action in a stockholder derivative suit is "not [the named plaintiff's] but the corporation's." *Id* at 523. Therefore, the corporation is the real party in interest, and the plaintiff is merely acting on its behalf. *Id*. Thus, as the claim is that of the corporation, the corporation is the real party plaintiff, and "any finding of liability would redound to its benefit, not its detriment." *Geer v. Cox*, No. 01-2583-JAR, 2003 WL 21254731, at*2 (D. Kan. May 21, 2003).

The indispensability of the allegedly wronged corporation in a shareholder derivative action is not dependant on its relationship to the controversy of the case[3] or its capacity for liability[4] as defendants contend. Indeed, the relationship of a corporation to the shareholder derivative action makes such criteria inapplicable.

Because the shareholder derivative claim belongs to the allegedly wronged corporation,

---

[3] Defendants cite *Saylab v. Harford Mut. Ins. Co*., 271 F. Supp. 2d 112, 116 (D.D.C. 2003) in support of the proposition that "the citizenship of purely nominal or formal parties may be disregarded" for the purposes of removal. *Saylab*, however, is not directly applicable here because it was not a shareholder derivative action.

[4] Defendants cite *Tri-Cities*, in support of the proposition that a defendant's capacity for liability determines whether it is a nominal party. 427 F.2d at 327. The capacity for liability is not, however, determinative of a defendant's indispensability in a shareholder derivative suit. Because the derivative claim belong to the corporation, it is illogical for the corporation to be held liable for damages against itself.

Avenir is an indispensable party to this action.[5]  It is undisputed that Knop brings his derivative

claims on behalf of Avenir.  Therefore, Avenir is the corporate owner of the shareholder

derivative claims.  Accordingly, as "any finding of liability would redound to [Avenir's] benefit,

not its detriment," *Geer,* 2003 WL 21254731 at *2, Avenir "claims an interest relating to the

subject of the action" as required of an indispensable party under Rule 19(a).  Fed. R. Civ. P.

19(a).  The distinction defendants draw between a Rule 17(a) real party in interest and a real

party to the controversy is irrelevant here, where Avenir stands as both.  Furthermore, without

Avenir, defendants would theoretically be "subject to substantial risk of incurring double,

multiple, or otherwise inconsistent obligations."[6]  Fed. R. Civ. P. 19(a)(1)(B)(ii).

Because Avenir  is an indispensable party in this shareholder derivative action, the Court

must consider its citizenship when determining the propriety of defendants' removal.

Considering Avenir's District of Columbia citizenship, the removal of this action fails in light of

28 U.S.C. § 1441(b) which provides that actions governed by state law are only removable if

"none of the parties in interest properly joined and served as defendants is a citizen of the state in

which such action is brought."  Thus, this Court must remand this action to the Superior Court.

**B.      Attorney's Fees Are Appropriate**

Under 28 U.S.C. § 1447(c), a district court "may require payment of just costs and any

---

[5]  Because Avenir is an indispensable party to this case, it cannot also be a nominal party.
*Tri-Cities*, 427 F.2d at 327.

[6]  As defendants point out, "equity pleading rules require that the corporation be included
as a nominal defendant in a derivative action so that res judicata attaches to the final judgment."
(Def. Mem. 5 n.2.)  This ensures that prevailing officers or directors will not be subject to
repeated derivative claims by different minority shareholders.  *King v. Wall & Beaver St. Corp.,*
145 F.2d 377, 379 n.1 (D.C. Cir. 1944), *overruled on other grounds by*, *Jenkins v. Wash.
Convention Ctr.,* 236 F.3d 6, 11 (D.C. Cir. 2001).  This rule mirrors Rule 19(a)(1)(B)(ii).

actual expenses including attorney fees, incurred as a result of the removal."  28 U.S.C. §

1447(c).  Where non-removability is obvious or contrary to well-settled law, courts regularly

award costs and expenses incurred as a result of the removal.  *Johnson-Brown,* 257 F. Supp. 2d

at 181 (citing *Garcir,* 254 F.3d at 588); *see Garbie v. Daimler Chrysler Corp*., 211 F.3d 407,

410-11 (7th Cir. 2000) (holding that court would have abused its discretion by not imposing fees

because "[r]emoval was unjustified under settled law").

        The rule that the wronged corporation is an indispensable party to a shareholder

derivative action "has been settled law for over a century."  *King*, 145 F.2d at 379 n.1 (citing

*Greenberg v. Giannini*, 140 F.2d 550, 554 (1944)).  The Court finds no legitimate reason why

removal was proper when explicit, binding, and well-settled authority holds that corporations

alleged to have been be wronged by their officers and directors are indispensable parties in

shareholder derivative actions.  *Koster*, 330 U.S. at 523 n.2.  Moreover, it is undisputed that

Avenir is a citizen of the forum state, and that 28 U.S.C. § 1441(b) prohibits removal where a

properly joined and served defendant is a citizen of the forum state.  28 U.S.C. § 1441(b).  The

individual defendants' contention that the nominal defendant exception applies here is frivolous.

*See Ibrahim v. 1417 N. St. Assocs*., 950 F. Supp. 406, 408 (D.D.C. 1997) ("This Court is

reluctant to award costs and attorney fees in the absence of evidence of [] a frivolous filing . . . .")

It is clear from Knop's complaint that this action raise shareholder derivative claims.  The

individual defendants must be aware of the rule that the corporation in a shareholder derivative

action is an indispensable party considering that they cite *Koster* and *King* in their opposition.

(Def.'s Opp'n to Mot. to Remand 5 n.2.)[7]

### III.  CONCLUSION

For the foregoing reasons, the Court grants Knop's motion for remand and his request for

attorney's fees and expenses incurred in connection with the frivolous removal.  An appropriate

order accompanies this memorandum.

Henry H. Kennedy, Jr.
United States District Judge

---

[7]  The individual defendants argue that it is significant that Knop states that  Avenir is a
nominal defendant in his complaint.  (Def.'s Opp'n to Mot. to Remand 1, 5).  This argument is
without merit.  When used in a shareholder derivative suit, the term "nominal defendant" refers
to a corporation's alignment opposite the plaintiff.  *Smith v. Sperling,* 354 U.S. 91, 95 (1957).
The corporation in a shareholder derivative suit is often joined as a nominal defendant where
antagonism exists between the corporate management and the stockholder plaintiff.  *Id*.